87,206-01

IN THE COURT OF CRIMINAL APPEALS OF TEXAS

EX PARTE,                              §    WRIT NO. W-1270124-U9A)

                                       §    WRIT NO. W-1271031-U(A)
HARRISON OLIVER BAILEY,
              APPLICANT,               §    WRIT NO. W-1271032-U(A)

MOTION REQUESTING AN EN BANC REVIEW BY THE COURT FINDINGS AND
     CONCLUSIONS OF LAW BY THE 291ST JUDICIAL COURT OF CRIMINAL APPEALS
                           OWN MOTION

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 18 2017

Deana Williamson, Clerk

TO THE HONORABLE JUSTICE OF SAID COURT:

NOW COMES, Harrison Oliver Bailey, applicant in this habeas proceeding

respectfully request this court to conduct an "en banc review" on it's

own motion based on the following:

1). The habeas Court denied applicant motion(s) requesting a live

hearing as opposed to counsel simply filing an affidavit, because

it allowed counsel to fabricate the fact's in the affidavit, and

deny the allegations to secure a reputation.

2). Applicant never told his attorney Larry Finstrom not to do a inves-

tigation in this case, in fact applicant repeatedly made attempts

to get finstrom to investigate the complainant's background for

criminal arrest, which was what he was hired to do. Counsel claimed

to had did a criminal background chech of the complainants, and he

claimed they all had no criminal records. After being sent to pri-

son, applicant retained a Houston Attorney [Randy Shafer] to check

the complainants criminal background, and discovered they all had

criminal records, which would have been used to challenge this

case before a jury. It also showed that the defense counsel was not

being truthful about this investigation of their backgrounds.

3). Applicant's issue's presented in his habeas application were not

addressed by the fact-finder's, his challenge was that his guilty

(1)

plea was not knowingly or intelligently made with sufficient awareness of the relevent circumstances, because he would have presented his case before a jury had counsel investigated the complainant's backgrounds, and an investigator was not required to do that.

4). Applicant was incarcerated in the county jail for over six-months waiting on counsel to pull-up the criminal background of the compliants on his computor, because it would have proven applicants claim that the complainant's were prostitutes, and the he did have consentual sex with them, but didn't pay them afterwards. Counsel told applicant about all the publicity a trial would bring, and told him that he should think about it before deciding on what he wanted to do, because "he lied about the complainants not having any criminal background."

5). Finstrom [defense counsel] never discussed securing an investigator or a psycho-sexual evaluation, nor visit him in jail to discuss a defensive matter.

6). The fact-finder never denied the applicant's claim that his guilty plea was not intelligently made, nor address whether the counsel had a duty to automatically investigate the complainant's criminal record(s) and that actually didn't require an investigator.

Applicant ask that this court order a reversal based on the issue's he presented in this habeas application, because during the six-months in jail waiting for trial, or counsel to come up with a defensive theory, applicant repeatedly asked counsel to do a criminal background check on the complainants, but he repeatedly said they didn't have any criminal records which was later found to be not true and that's what is being challenged in this proceeding. Counsel's unprofessional error was

(2)

deficient, and prejudiced the outcome, because applicant would have chosen to present this case before a jury.<u>Strickland V Washington</u>,466 U.S.at 691,104 S.Ct.at 2066, explains that counsel has a duty in every case to make a reasonable investigation. Counsel stated in the affidavit he presented to the fact-finders that, applicant told him that one of the complainant's was a prostitute, but never told him him the others were. Applicant actually told his counsel that all the complainants were prosetute's, and he refused to pay them. This issue could have been proven had the court conducted a live evidentiary hearing, and not let counsel send and affidavit. The court deprived applicant his right to confrontation in this proceeding claiming the defence counsel was credible, but fact's will show that people consider the applicant as being credible also, and the court based it decision on an unrelated issue, not the issue before the court and not properly resolve the "he said, she said" facts because the question in the case was never addressed, <u>**was applicant's guilty intelligently made**</u>!

The prosecutor violated applicant right's by not disclosing discovery evidence favorable to the defense. The state habeas court fact-finders did not address the issue presented. Counsel claimed applicant told him not to hire an investigator, which dosen't make any since, because that was the reason counsel was retained. Applicant waited for over six-months for his counsel to pull up the information on his computer, but counsel claimed to had did a search, that end up blank, but applicant recently paid [Randy Shafer], and attorney from Houston Tex. to search for the information, and discovered that all the complainants had criminal. Both state and federal law support the fact that a guilty plea, such as here in the case at bar, is not intelligently made when information favorable to the defendant is not disclosed. The

(3)

state habeas court findings, are erroneous because the issues that were presented was not addressed by the fact-finders, and if this court deny this habeas corpus, it will be a miscarriage of justice. Applicant respectfully ask that the court order the court to address the issues presented, and nothing else, because there was not reason for counsel not doing a criminal background check, and an investigatior was not needed, his affidavit is frivious, and shold not be considered.

WHEREFORE PREMISIS CONSIDERED, applicant pray that the court accept this motion for en banc review, and reverse and remand this case to the trial court for further proceeding's based on the fact's presented in the motion.

RESPECTFULLY SUBMITTED

*Harrison O. Bailey IV*

## INMATE DECLARATION

I, Harrison Oliver Bailey, being presently incarcerated in the Texas Depertment of Criminal Justice, at the Allen Polunsky Unit, Polk County declare under penalty of perjury this 8th day of December 2017, that all claims presented here are true and correct.

*Harrison Oliver Bailey IV*
HARRISON OLIVER BAILEY
TDCJ ID.NO# 1833501
ALLEN POLUNSKY UNIT
3872 F,M 350 SOUTH
LEVINGSTON, TEXAS
77351

(4)